**Tagged**



**ORDERED in the Southern District of Florida on June 22, 2009.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:                                    CASE NO.:08-29122-BKC-PGH
                                          CHAPTER 7
Michael Koch,
     DEBTOR.
_____/

<u>ORDER DISMISSING CHAPTER 7 CASE UNLESS DEBTOR MOVES TO CONVERT TO CHAPTER 13 WITHIN TEN DAYS OF ENTRY OF THIS ORDER</u>

**THIS MATTER** came before the Court for hearing on April 2, 2009, upon the United States Trustee's ("UST") *Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and Abuse Arising under 11 U.S.C. § 707(b)(3)* ("Motion"). The Motion seeks dismissal of the above-referenced Chapter 7 case on two separate bases, § 707(b)(2) and § 707 (b)(3). To facilitate determination of this matter, the Court bifurcated the Motion and advised the parties that it would first consider dismissal pursuant to § 707(b)(2), and then consider

dismissal pursuant to § 707(b)(3) only if necessary. At the hearing, the Court also set deadlines and directed the parties to submit a response, a reply, and a joint stipulation of facts.

### BACKGROUND

Michael Koch (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on December 15, 2008. Also on December 15, 2008, the Debtor filed Official Form B22A ("Means Test") indicating that the Debtor is an above-median income Debtor. However, the presumption of abuse did not arise under the Debtor's Means Test.

The UST's Motion takes issue with the expenses used by the Debtor in completing the Means Test. Specifically, the UST objects to the Debtor's expense of $405.08 as "Other Necessary Expense: Involuntary Deductions for Employment" at line 26 of his Means Test. This amount reflects the Debtor's payroll deduction for repayment of loan(s) he took from his 401(k) plan. The parties have stipulated that the Debtor's employment will not be terminated if his 401(k) loan(s) are not repaid. The UST also objects to the allowance of the IRS Transportation Standards, Ownership Cost in the amount of $489.00 at line 23 of the Means Test, based on the fact that the Debtor has no lease payment or loan obligation on his 2003 Honda automobile. The UST argues that the Debtor is not entitled to this expense since he owns the Honda outright.

The UST maintains that disallowance of the disputed expenses

will increase the Debtor's disposable income and trigger the § 707(b)(2) presumption of abuse under the Means Test, thereby rendering the Debtor ineligible for relief under Chapter 7.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 (b). This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(1) and (b)(2)(A).

### *A. The Means Test*

Section 707(b)(2)(A) of the Bankruptcy Code provides for the means test and the presumption that it is abusive for debtors who "fail" the means test to be granted relief under Chapter 7 of the Bankruptcy Code. *In re Henebury,* 361 B.R. 595, 601-602 (Bankr. S.D. Fla. 2007). Official Form B22A "serves as a template for the means test calculations contained in § 707(b)(2)(A)(i)-(iv)". *Id.* Section 707(b)(2)(A)(ii)(I) provides that certain applicable monthly expenses shall be deducted from a debtor's current monthly income to determine if a presumption of abuse arises under the Means Test. This section states in pertinent part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Notwithstanding any

3

>     other provision of this clause, the monthly expenses of the
>     debtor shall not include any payments for debts.

11 U.S.C. § 707(b)(2)(A)(ii)(I).

The disputed issues in this matter are whether the debtor may deduct his monthly payroll deductions for 401(k) loan repayments as "involuntary deductions for employment" - one of the categories specified as Other Necessary Expenses by the Internal Revenue Service, and what applicable monthly expense amounts specified under the National Standards and Local Standards the Debtor may deduct on his Means Test for transportation expenses.

### *B. Means Test Expense for 401(k) Loan Repayment Payroll Deduction*

The Court finds that the expense in the amount of $405.08 listed by the Debtor under the category "Other Necessary Expenses: Involuntary Deductions for Employment" is an improper Means Test expense pursuant to § 707(b)(2)(A)(ii)(I).[1] Most courts considering the issue disallow 401(k) loan repayments as expenses for purposes of the Means Test whether the debtor, as here, characterizes the 401(k) payment as a mandatory payroll deduction,[2] or whether the

---

[1] The parties' stipulation at ¶20 states that the $405.08 deduction on the Debtor's Means Test is for a 401(k) loan repayment. The Court notes that the Debtor's responsive papers suggest that this amount may be both a loan repayment and a plan contribution. However, even if some portion of the $405.08 represents a plan contribution, the Court's analysis as to whether a presumption of abuse arises would be unchanged because such contributions are not proper expenses on the means test.

[2] The Court notes that the Debtor and some case law discuss "mandatory" payroll deductions rather than "involuntary" deductions. Official Form B22A has been revised. The current version of Form B22A at line 26 asks for "Other Necessary Expenses: <u>involuntary deductions</u> for employment" (emphasis added). The previous version of Form B22A at line 26 asked for "Other Necessary Expenses: <u>mandatory</u> payroll deductions" (emphasis added). The Court notes that

4

debtor seeks to exclude from income retirement account loan repayments as payments on a secured claim. *See e.g. In re Herbert*, 2007 WL 6363172 at \*6 (Bankr. D. Neb. 2007)("Even though the 401(k) loan payments are mandatory, according to Debtors' affidavits, it is clear that such payments are not 'mandatory payroll deductions' that can be deducted as 'other necessary expenses" under Line 26 of the means test form.'"); *In re Mordis*, 2007 WL 2962903 at \*2-3 (Bankr. E.D. Mo. 2007)(determining that payments on retirement loans that are not a condition of continued employment are not a § 707(b)(2)(A)(ii) expense for purposes of the means test, nor are such payments a secured debt obligation that may be excluded from income under 707(b)(2)(A)(iii)); *In re Lenton*, 358 B.R. 651, 658 and 660 (Bankr. E.D. Pa. 2006)(denying the deduction on the basis that "repayment of loans from voluntary retirement accounts through mandatory payroll deduction does not meet the necessary expense test under the IRS Manual, the standard adopted by the means test", and noting the fact that a debtor took a loan under terms that mandate repayment by payroll deduction does not change the nature of the funds when the debtor repays them); *In re Barraza*, 346 B.R. 724, 730 (Bankr. N.D. Tex. 2006)(holding that 401(k) loan repayments are not "Other Necessary Expenses" under §

---

the statute permits actual monthly expenses for categories of other necessary expenses specified by the Internal Revenue Service. The IRS specifies the pertinent category of other necessary expenses as "involuntary deductions".

707(b)(2)(A)(ii)(I) where the loan repayment was not a condition of the debtor's employment and the only consequence of default was a tax consequence for the debtor)); *In re Turner*, 376 B.R. 370, 375 (Bankr. D.N.H. 2007)(concluding that "401(k) loan payments are not mandatory and therefore not deductible as 'mandatory payroll deductions'"); *see also McVay v. Otero,* 371 B.R. 190, 195 (W.D. Tex. 2007)(finding that BAPCPA did not change the pre-BAPCPA consensus that an individual's pre-petition borrowing from his retirement account does not give rise to a secured "claim" or "debt" under the Bankruptcy Code)(*citing In re Esquivel*, 239 B.R. 146, 151 (Bankr. E.D. Mich. 1999)).

The Debtor argues that the loan repayments are mandatory because under the terms of the plan if the Debtor fails to keep the loan current, he will be in default, the loan will be deemed a distribution, and the Debtor will suffer tax consequences including penalties for early withdrawal. However § 707(b)(2)(A)(ii)(I) allows actual expenses only for the specified categories of "Other Necessary Expenses" issued by the Internal Revenue Service. Involuntary deductions is the Internal Revenue Service specified category at issue. The category of "'involuntary deductions' passes the necessary expense test 'if it is a requirement of the job; i.e. union dues, uniforms, work shoes.'" *In re Turner*, 376 B.R. at 375 (*quoting* Internal Revenue Manual ("IRM") § 5.15.1.10). In this matter, the Debtor stipulated that his employment will not be

6

terminated if he fails to pay back the loan. The Court concludes that the 401(k) loan repayment payroll deduction is not a requirement of the Debtor's job, nor a condition of his continued employment. Therefore, the 401(k) loan repayment does not qualify as a § 707(b)(2)(A)(ii)(I) other necessary expense - involuntary deductions - for purposes of the Means Test.

The Court notes that the Debtor also relied upon *In re Lenton*, 358 B.R. at 664, for the proposition that payroll deductions for 401(k) loan repayments shall not constitute disposable income. However, in *Lenton*, the court determined that payroll deductions for repayment of 401(k) loans were not proper expenses under the means test to determine if a presumption of abuse arose under § 707(b)(2). *Id.* at 657-658. The *Lenton* quotation cited by Debtor was relative to calculating disposable income for a Chapter 13 plan. The Debtor's reliance on cases dealing with confirmation of Chapter 13 plans is misplaced. The cases cited by the Debtor deal with objections to confirmation of Chapter 13 plans rather than expenses permitted under the means test to calculate whether a presumption of abuse arises under § 707(b)(2). *See e.g. n re Anstett*, 383 B.R. 380 (Bankr. D.S.C. 2008)(allowing actual retirement account repayment as expense to determine disposable income available to fund Chapter 13 plan but denying confirmation of debtor's plan); *In re Lawsowski*, 384 B.R. 205 (B.A.P. 8th Cir. 2008)(overruling confirmation of debtor's Chapter 13 plan). The fact that retirement

7

loan repayments may be excluded from disposable income in determining a Chapter 13 debtor's disposable income is irrelevant in the Chapter 7 context. *In re Mowris*, 384 B.R. 235, 241 (Bankr. W.D. Mo. 2008). "Since Congress did not incorporate any provisions from Chapter 13 into the means testing provisions in § 707(b)(2)(A), we must assume that Congress intentionally gave a Chapter 13 debtor the ability to exclude the repayment of a loan from a retirement plan, but disallowed a Chapter 7 debtor the same ability under the means testing provisions of § 707(b)(2)(A)(i)." *Id*. at 240; *accord Mordis*, 2007 WL 2962903, at *4-5.

Debtor also argued that various sections of BAPCPA, sections 362(b)(19), 523(a)(18, 541(b)(7) and 1322(f), show Congress' intent to protect retirement accounts, and overrule pre-BAPCPA caselaw finding that 401(k) payments are not reasonably necessary expenses in determining disposable income. The *Lenton* court rejected much the same argument advanced by Debtor. 358 B.R. at 659-660. The *Lenton* court agreed that Congress evidenced an intent to protect 401(k) loan repayments but noted this was not inconsistent with excluding 401(k) loan repayments as a necessary expense under the means test which operates only to see if a presumption of abuse arises. *Id.* at 660.

The Trustee also argued that a 401(k) loan is not a true debt under the Bankruptcy Code because it does not create a claim that must be paid. Since the Debtor did not list the 401(k) loan as a

debt on his Means Test the Court does not find it necessary to address this point.

Finally, the Debtor argues that the 401(k) deduction should be considered a reasonable and necessary expense rather than disposable income under a totality of the circumstances analysis. While this argument could conceivably be raised under a § 707(b)(3) analysis, it is irrelevant to the Court's § 707(b)(2) analysis.

The Court concludes that the listed expense of $405.08 is not permissible as an expense for involuntary deductions for employment for purposes of determining whether a presumption of abuse arises under § 707(b)(2).

### *C. Transportation Ownership Expense*

Unlike the case law regarding 401(k) loan repayments, there is a heavily litigated split among courts over the propriety of allowing an ownership expense on the means test in cases where the debtor owns the vehicle outright. *See In re Young*, 392 B.R. 6, 16 nn. 41-42 (Bankr. E.D. Mass. 2008)(a Chapter 13 opinion surveying § 707(b)(2) opinions on ownership expense deductions for a vehicle owned outright). Only the Seventh Circuit and the Fifth Circuit have addressed the issue. *See In re Ross-Tousey*, 549 F.3d 1148 (7th Cir. 2008); *In re Tate*, 2009 WL 1608890 (5th Cir. June 10, 2009). The split is over the meaning of the word "applicable" as used in § 707(b)(2)(A)(ii)(I): "The debtor's monthly expenses shall be the debtor's <u>applicable</u> monthly expense amounts specified under the

9

National Standards and Local Standards...". 11 U.S.C. § 707(b)(2)(A)(ii)(I)(emphasis added). One line of cases holds that the word "applicable" modifies monthly expense such that the vehicle ownership expense is not applicable to a debtor who has no lease or loan payment. *In re Tate*, 2009 WL 1608890, at *2 (describing different camps). This approach is referred to as the IRM approach because courts "following it use the methodology of the IRM as an interpretive guide for the means test." *In re Ross-Tousey*, 549 F.3d at 1158. The other approach has been referred to as the plain language approach.[3] This approach interprets applicable "to refer to the selection of an expense amount from the Local Standards that relates to the geographic area in which the debtor resides and the number of vehicles the debtor owns", regardless of whether that deduction is an actual expense. *Tate*, 2009 WL 1608890, at *2. The Fifth and Seventh Circuits have adopted the plain language approach. The plain language cases reason that § 707(b)(2)(A)(ii)(I) distinguishes between *applicable* monthly expenses for certain standard allowances like transportation expenses and *actual* monthly expenses for other necessary expenses. The Seventh Circuit was "persuaded that the plain language view of section 707(b)(2)(A)(ii)(I) is more strongly supported by the

---

[3] The Seventh Circuit noted that its reference to the two sides of the debate - IRM and plain language - has been used by most courts, and that the IRM view should not be viewed as rejecting the plain language of the statute. *Ross-Tousey*, 549 F.3d at 1157, n.6.

10

language and logic of the statute. In order to give effect to all the words of the statute, the term 'applicable monthly expense amounts' cannot mean the same thing as 'actual monthly expenses.'" *Ross-Tousey*, 549 F.3d at 1158.  In making its determination, the Seventh Circuit also examined the statute's legislative history and policy considerations. *Id.; see also In re Ralston*, 400 B.R. 854 (Bankr. M.D. Fla. 2009)(J. Williamson). This Court adopts the cogent reasoning set forth in *Ross-Tousey, Tate* and *Ralston* in holding that the Debtor may deduct the standard vehicle ownership allowance of $489.00 on his Means Test despite the fact that he owns the vehicle outright.

### D. *Transportation Operation Expense*

The Internal Revenue Service provides two standard components for transportation expense: a National Standard allowance for ownership costs and a Local Standard allowance for the cost of operating a vehicle or the cost of public transportation. Although the Trustee objected to allowance of a vehicle ownership expense on the Debtor's Means Test, the UST stated that the Debtor was entitled to increase his Line 22A standard vehicle operation expense by $200.00 from $201.00 to $401.00 based upon the 2003 Honda's age and mileage. The Debtor did not dispute his entitlement to an additional $200.00 per month expense for vehicle operation costs, however the Debtor's position was that this amount is in addition to, not in lieu of, the $489 standard monthly allowance

11

for vehicle ownership costs. The UST cites IRM § 5.8.5.6.3 as authority for allowance of this additional vehicle operating expense. The Court finds however, that the transportation allowances contemplated by the statute are the set amounts of the National Standards and Local Standards. These standards do not include an additional operating allowance for older or high mileage unencumbered vehicles. Therefore, the Court finds that this additional IRM allowance may not be deducted from income on the Debtor's Means Test.

### *E. A Presumption of Abuse Arises*

The parties stipulated that various adjustments were necessary to the Debtor's Means Test. These include increasing Debtor's monthly income to $7,800.00 (lines 3, 11,and 48), increasing Debtor's annualized income to $93,000.00 (line 13), increasing Debtor's actual payroll tax deductions to $1,887.21 (line 25), increasing Debtor's deduction for other necessary expenses for life insurance to $34.62 (line 27); and increasing Debtor's deduction for health care costs to $157.13 (line 34). Based upon these adjustments, an adjusted ten percent allowance for Chapter 13 administrative expenses, and the Court's ruling disallowing the additional $200.00 vehicle operating costs, disallowing the $405.08 payroll deduction for 401(k) loan repayment, but allowing the standard vehicle ownership cost of $489.00, the Court calculates that Debtor's monthly disposable income is $737.80 (line 50) and

that the Debtor's 60-month disposable income is $44,268.00 (line 51). Since the Debtor's 60-month disposable income exceeds $10,950.00, a presumption of abuse arises under 11 U.S.C. § 707(b)(2). The Debtor has presented no special circumstance to rebut the presumption. Therefore the Court finds that the Debtor is ineligible for relief under Chapter 7.

## **CONCLUSION**

For the reasons stated above, the Court grants the UST's Motion and will dismiss this case unless the Debtor moves to convert to a case under Chapter 13 within ten days of entry of this order.

## **ORDER**

The Court, having heard the argument of counsel, reviewed the applicable law, the submissions of the parties, and being otherwise fully advised in the premises, does hereby:

**ORDER AND ADJUDGE** that:

1. The UST's Motion is **GRANTED**. Debtor's claimed expense of $405.08 for 401(k) loan repayments on the Means Test is disallowed. The parties' stipulated allowance of an additional $200.00 vehicle operation allowance is also disallowed. However the Debtor is entitled to a deduction of $489.00 for vehicle ownership despite the fact that he owns his 2003 Honda outright. Adjusting these expenses on the Debtor's Means Test gives rise to a presumption of abuse under 11 U.S.C. § 707(b)(2), thereby rendering the Debtor ineligible for Chapter 7 relief.

2. The above-captioned case shall be dismissed within ten days following entry of this Order unless Debtor moves to convert this case to one under Chapter 13 within said ten days.

**###**

Copies Furnished To:

Heidi Feinman, Esq.,
AUST

Mario D. German, Esq.
Debtor's Counsel